UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

LAWRENCE HOLDINGS, INC., SNAPPY ) No. 8:14-cv-01862-VMC-EAJ
MATERIALS, LLC, TICO TITANIUM, INC., )
SUPRA ALLOYS, INC. and ALLOY METALS, )
INC. )
)
     Plaintiffs, )
)
     vs. )
)
ASA INTERNATIONAL, LTD.; KHAMELEON )
SOFTWARE, INC; ASA AUTOMOTIVE )
SYSTEMS, LLC; ASA PROPERTIES, INC.; 10 )
SPEEN STREET LLC; ALFRED C. )
ANGELONE; CHRISTOPHER CRANE; AND )
TERRANCE MCCARTHY )
)
     Defendant. )
)
_____ )

**DEFENDANTS' ASA INTERNATIONAL, LTD.; KHAMELEON SOFTWARE, INC; ASA AUTOMOTIVE SYSTEMS, LLC; ASA PROPERTIES, INC.; 10 SPEEN STREET LLC; ALFRED C. ANGELONE; CHRISTOPHER CRANE; and TERRANCE McCARTHY'S ANSWER TO THE COMPLAINT AND DEMAND FOR JURY TRIAL**

     COMES NOW defendants ASA INTERNATIONAL, LTD. ("ASA");

KHAMELEON SOFTWARE, INC ("Khameleon"); ASA AUTOMOTIVE SYSTEMS,

LLC ("ASA Auto"); ASA PROPERTIES, INC. ("Properties"); 10 SPEEN STREET LLC

("Speen"); ALFRED C. ANGELONE ("Angelone"); CHRISTOPHER CRANE

("Crane"); and TERRANCE McCARTHY ("McCarthy") (collectively "Defendants") and

hereby, pursuant to Fed. R. Civ. Proc. 38(b), demand a jury trial and answer the

Complaint as follows:

     1.     In answer to Paragraph 1 of the Complaint, Defendants deny each and

every allegation contained therein.

1

DEFENDANTS' ANSWER TO THE COMPLAINT AND DEMAND FOR JURY TRIAL

1    2.    In answer to Paragraph 2 of the Complaint, Defendants deny each and
2  every allegation contained therein.

3    3.    In answer to Paragraph 3 of the Complaint, on belief Defendants deny
4  each and every allegation contained therein.

5    4.    In answer to Paragraph 4 of the Complaint, Defendants deny each and
6  every allegation contained therein.

7    5.    In answer to Paragraph 5 of the Complaint, Defendants deny each and
8  every allegation in said Paragraph.

9    6.    In answer to Paragraph 6 of the Complaint, Defendants deny each and
10  every allegation contained therein.

11    7.    In answer to Paragraph 7 of the Complaint, Defendants admit that
12  Verticent LLC ("Verticent") filed bankruptcy in 2012.  Except as so admitted,
13  Defendants deny each and every allegation contained in said Paragraph.

14    8.    In answer to Paragraph 8 of the Complaint, Defendants deny each and
15  every allegation contained therein.

16    9.    In answer to Paragraph 9 of the Complaint, Defendants are without
17  sufficient knowledge or information to form a belief as to the truth of the allegations
18  contained in said Paragraph, and on that basis deny each and every allegation contained
19  therein.

20    10.    In answer to Paragraph 10 of the Complaint, Defendants are without
21  sufficient knowledge or information to form a belief as to the truth of the allegations
22  contained in said Paragraph, and on that basis deny each and every allegation contained
23  therein.

24    11.    In answer to Paragraph 11 of the Complaint, Defendants are without
25  sufficient knowledge or information to form a belief as to the truth of the allegations
26  contained in said Paragraph, and on that basis deny each and every allegation contained
27  therein.

28

DEFENDANTS' ANSWER TO THE COMPLAINT AND DEMAND FOR JURY TRIAL

12.     In answer to Paragraph 12 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

13.     In answer to Paragraph 13 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

14.     In answer to Paragraph 14 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

15.     In answer to Paragraph 15 of the Complaint, Defendants deny the allegations pleaded therein.

16.     In answer to Paragraph 16 of the Complaint, Defendants admit the allegations pleaded therein.

17.     In answer to Paragraph 17 of the Complaint, Defendants admit that ASA Auto is a Delaware limited liability company.  Except as so admitted, Defendants deny the allegations pleaded in said Paragraph.

18.     In answer to Paragraph 18 of the Complaint, Defendants admit that Angelone is an owner, Chairman, Chief Executive Officer and President of ASA.  Except as so admitted, Defendants deny the allegations pleaded in said Paragraph.

19.     In answer to Paragraph 19 of the Complaint, Defendants admit that Crane is a board member of ASA.  Except as so admitted, Defendants deny the allegations pleaded in said Paragraph.

DEFENDANTS' ANSWER TO THE COMPLAINT AND DEMAND FOR JURY TRIAL

20.     In answer to Paragraph 20 of the Complaint, Defendants admit that McCarthy resides at said address.  Except as so admitted, Defendants deny the allegations pleaded therein.

21.     In answer to Paragraph 21 of the Complaint, Defendants admit that Properties is a Massachusetts limited liability company and is the successor in interest to ASA Properties, Inc.  Except as so admitted, Defendants deny the allegations pleaded therein.

22.     In answer to Paragraph 22 of the Complaint, Defendants admit that Speen is a Delaware limited liability company.  Except as so admitted, Defendants deny the allegations pleaded therein.

23.     In answer to Paragraph 23 of the Complaint, Defendants admit that Verticent filed a voluntary petition for bankruptcy pursuant to Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Florida on or about November 2, 2012.  Except as so admitted, Defendants deny the allegations pleaded in said Paragraph.

24.     In answer to Paragraph 24 of the Complaint, Defendants admit that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

25.     In response to Paragraph 25 of the Complaint, Defendants deny the allegations pleaded therein.  Venue is not appropriate.  Defendants assert the doctrine of *forum non conveniens.*

26.     In response to Paragraph 26 of the Complaint, Defendants deny the allegations pleaded therein.

27.     In response to Paragraph 27 of the Complaint, Defendants deny the allegations pleaded therein.

28.     In response to Paragraph 28 of the Complaint, Defendants deny the allegations pleaded therein.

4

DEFENDANTS' ANSWER TO THE COMPLAINT AND DEMAND FOR JURY TRIAL

29.     In response to Paragraph 29 of the Complaint, Defendants admit that Angelone, McCarthy, and Crane participated in the operation of ASA and monthly meetings.  Except as so admitted, Defendants deny the allegations contained in said Paragraph.

30.     In response to Paragraph 30 of the Complaint, Defendants deny the allegations pleaded therein.

31.     In response to Paragraph 31 of the Complaint, Defendants deny the allegations pleaded therein.

32.     In response to Paragraph 32 of the Complaint, Defendants deny the allegations pleaded therein.

33.     In response to Paragraph 33 of the Complaint, Defendants deny the allegations pleaded therein.

34.     In response to Paragraph 34 of the Complaint, Defendants deny the allegations pleaded therein.

35.     In response to Paragraph 35 of the Complaint, Defendants deny the allegations pleaded therein.

36.     In response to Paragraph 36 of the Complaint, Defendants admit that Verticent maintained its own checking account.  Except as so admitted, Defendants deny the allegations pleaded in said Paragraph.

37.     In response to Paragraph 37 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

38.     In response to Paragraph 38 of the Complaint, Defendants deny the allegations contained therein.

39.     In response to Paragraph 39 of the Complaint, Defendants deny the allegations pleaded therein.

5

40.     In response to Paragraph 40 of the Complaint, Defendants admit that Verticent developed and sold metals enterprise resource planning software ("ERP Software").  Except as so admitted, Defendants deny the allegations pleaded therein.

41.     In response to Paragraph 41 of the Complaint, Defendants deny the allegations pleaded therein.

42.     In response to Paragraph 42 of the Complaint, Defendants deny the allegations pleaded therein.

43.     In response to Paragraph 43 of the Complaint, Defendants deny each and every allegation contained therein.

44.     In response to Paragraph 44 of the Complaint, Defendants deny the allegations pleaded therein.

45.     In response to Paragraph 45 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

46.     In response to Paragraph 46 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

47.     In response to Paragraph 47 of the Complaint, Defendants deny that the individuals named in said Paragraph were ASA employees.  Except as so denied, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

48.     In response to Paragraph 48 of the Complaint, Defendants deny that the individuals identified in said Paragraph were ASA employees.  Except as so denied, Defendants are without sufficient knowledge or information to form a belief as to the

6

1 | truth of the allegations contained in said Paragraph, and on that basis deny each and every

2 | allegation contained therein.

3 |      49.    In response to Paragraph 49 of the Complaint, Defendants are without

4 | sufficient knowledge or information to form a belief as to the truth of the allegations

5 | contained in said Paragraph, and on that basis deny each and every allegation contained

6 | therein.

7 |      50.    In response to Paragraph 50 of the Complaint, Defendants are without

8 | sufficient knowledge or information to form a belief as to the truth of the allegations

9 | contained in said Paragraph, and on that basis deny each and every allegation contained

10 | therein.

11 |      51.    In response to Paragraph 51 of the Complaint, Defendants are without

12 | sufficient knowledge or information to form a belief as to the truth of the allegations

13 | contained in said Paragraph, and on that basis deny each and every allegation contained

14 | therein.

15 |      52.    In response to Paragraph 52 of the Complaint, Defendants deny the

16 | allegations pleaded therein.

17 |      53.    In response to Paragraph 53 of the Complaint, Defendants deny the

18 | allegations pleaded therein.

19 |      54.    In response to Paragraph 54 of the Complaint, Defendants are without

20 | sufficient knowledge or information to form a belief as to the truth of the allegations

21 | contained in said Paragraph, and on that basis deny each and every allegation contained

22 | therein.

23 |      55.    In response to Paragraph 55 of the Complaint, Defendants are without

24 | sufficient knowledge or information to form a belief as to the truth of the allegations

25 | contained in said Paragraph, and on that basis deny each and every allegation contained

26 | therein.

27

28

DEFENDANTS' ANSWER TO THE COMPLAINT AND DEMAND FOR JURY TRIAL

56.     In response to Paragraph 56 of the Complaint, Defendants deny the allegations pleaded therein.

57.     In response to Paragraph 57 of the Complaint, Defendants deny that the employees working for Verticent were ASA employees.  Except as so denied, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

58.     In response to Paragraph 58 of the Complaint, Defendants deny that that the individuals identified in said Paragraph were ASA employees.  Except as so denied, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

59.     In response to Paragraph 59 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

60.     In response to Paragraph 60 of the Complaint, Defendants deny that Goniwich was under the direction of Angelone, Crane and McCarthy.  Except as so denied, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

61.     In response to Paragraph 61 of the Complaint, Defendants deny that the status of implementation was routinely reported to McCarthy, Angelone and Crane at monthly meetings.  Defendants further deny that Crane, McCarthy and Angelone advised ASA employees to continue with installation of Verticent's ERP Software to keep customers paying monthly license and other fees.  Except as so denied, Defendants are without sufficient knowledge or information to form a belief as to the truth of the

8

DEFENDANTS' ANSWER TO THE COMPLAINT AND DEMAND FOR JURY TRIAL

1   allegations contained in said Paragraph, and on that basis deny each and every allegation

2   contained therein.

3        62.    In response to Paragraph 62 of the Complaint, Defendants are without

4   sufficient knowledge or information to form a belief as to the truth of the allegations

5   contained in said Paragraph, and on that basis deny each and every allegation contained

6   therein.

7        63.    In response to Paragraph 63 of the Complaint, Defendants are without

8   sufficient knowledge or information to form a belief as to the truth of the allegations

9   contained in said Paragraph, and on that basis deny each and every allegation contained

10   therein.

11        64.    In response to Paragraph 64 of the Complaint, Defendants are without

12   sufficient knowledge or information to form a belief as to the truth of the allegations

13   contained in said Paragraph, and on that basis deny each and every allegation contained

14   therein.

15        65.    In response to Paragraph 65 of the Complaint, Defendants are without

16   sufficient knowledge or information to form a belief as to the truth of the allegations

17   contained in said Paragraph, and on that basis deny each and every allegation contained

18   therein.

19        66.    In response to Paragraph 66 of the Complaint, Defendants are without

20   sufficient knowledge or information to form a belief as to the truth of the allegations

21   contained in said Paragraph, and on that basis deny each and every allegation contained

22   therein.

23        67.    In response to Paragraph 67 of the Complaint, Defendants are without

24   sufficient knowledge or information to form a belief as to the truth of the allegations

25   contained in said Paragraph, and on that basis deny each and every allegation contained

26   therein.

27

28

DEFENDANTS' ANSWER TO THE COMPLAINT AND DEMAND FOR JURY TRIAL

68.     In response to Paragraph 68 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

69.     In response to Paragraph 69 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

70.     In response to Paragraph 70 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

71.     In response to Paragraph 71 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

72.     In response to Paragraph 72 of the Complaint, Defendants deny that Angelone failed to deliver on or made promises to Buhl.  Except as so denied, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

73.     In response to Paragraphs 73 to 74, inclusive, of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraphs, and on that basis deny each and every allegation contained therein.

74.     In response to Paragraph 75 of the Complaint, Defendants deny that Defendants made promises regarding the ERP Software.  Defendants further deny that

10

DEFENDANTS' ANSWER TO THE COMPLAINT AND DEMAND FOR JURY TRIAL

1  Verticent did not have ERP Software that worked and that Verticent had no intention of

2  acquiring functioning ERP Software.  Except as so denied, Defendants are without

3  sufficient knowledge or information to form a belief as to the truth of the allegations

4  contained in said Paragraph, and on that basis deny each and every allegation contained

5  therein.

6         75.     In response to Paragraphs 76 to 80, inclusive, of the Complaint,

7  Defendants are without sufficient knowledge or information to form a belief as to the

8  truth of the allegations contained in said Paragraphs, and on that basis deny each and

9  every allegation contained therein.

10        76.     In response to Paragraph 81 of the Complaint, Defendants admit that

11  Verticent filed for bankruptcy in 2012.  Except as so admitted, Defendants are without

12  sufficient knowledge or information to form a belief as to the truth of the allegations

13  contained in said Paragraph, and on that basis deny each and every allegation contained

14  therein.

15        77.     In response to Paragraph 82 of the Complaint, Defendants deny the

16  allegations pleaded therein.

17        78.     In response to Paragraphs 83 and 83a to 83h, inclusive, Defendants deny

18  the allegations pleaded therein.

19        79.     In response to Paragraphs 84 to 86, inclusive, of the Complaint

20  Defendants deny the allegations pleaded therein.

21        80.     In response to Paragraph 87 of the Complaint, Defendants are without

22  sufficient knowledge or information to form a belief as to the truth of the allegations

23  contained in said Paragraph, and on that basis deny each and every allegation contained

24  therein.

25        81.     In response to Paragraph 88 of the Complaint, Defendants deny the

26  allegations pleaded therein.

27

28

11

DEFENDANTS' ANSWER TO THE COMPLAINT AND DEMAND FOR JURY TRIAL

1    82.    In response to Paragraph 89 of the Complaint, Defendants deny that ASA

2  employees sent invoices to Lawrence Holdings, Inc. ("LHI").  Except as so denied,

3  Defendants are without sufficient knowledge or information to form a belief as to the

4  truth of the allegations contained in said Paragraph, and on that basis deny each and every

5  allegation contained therein.

6    83.    In response to Paragraphs 90 and 91, inclusive, of the Complaint,

7  Defendants deny the allegations pleaded therein.

8    84.    In response to Paragraph 92 of the Complaint, Defendants deny that they

9  had a fraudulent scheme of any sort and deny that Defendants targeted LHI with any such

10  scheme.  Defendants further deny that ASA employees represented Verticent.  Except as

11  so denied, Defendants are without sufficient knowledge or information to form a belief as

12  to the truth of the allegations contained in said Paragraph, and on that basis deny each

13  and every allegation contained therein.

14    85.    In response to Paragraph 93 of the Complaint, Defendants deny the

15  allegations pleaded therein.

16    86.    In response to Paragraph 94 of the Complaint, Defendants are without

17  sufficient knowledge or information to form a belief as to the truth of the allegations

18  contained in said Paragraph, and on that basis deny each and every allegation contained

19  therein.

20    87.    In response to Paragraphs 95, 97 and 99, inclusive, of the Complaint,

21  Defendants deny the allegations pleaded therein.

22    88.    In response to Paragraphs 96 and 100, inclusive, Defendants are without

23  sufficient knowledge or information to form a belief as to the truth of the allegations

24  contained in said Paragraphs, and on that basis deny each and every allegation contained

25  therein.

26    89.    In response to Paragraph 98 of the Complaint, Defendants admit that

27  Industrial Medal Supply Co ("IMS") executed a licensing agreement for Verticent's ERP

28

12

DEFENDANTS' ANSWER TO THE COMPLAINT AND DEMAND FOR JURY TRIAL

Software in or around 2007.  Except as so admitted, Defendants deny the allegations pleaded therein.

90.   In response to Paragraphs 101 to 102, inclusive, of the Complaint, Defendants deny the allegations pleaded therein.

91.   In response to Paragraph 108 of the Complaint, Defendants incorporate by reference Defendants' responses to Paragraphs 1 through 107 above as though set forth herein.

92.   In response to Paragraphs 109 to 120 of the Complaint, inclusive and including subparts, Defendants deny the allegations pleaded therein.

93.   In response to Paragraph 121 of the Complaint, Defendants incorporate by reference Defendants' responses to Paragraphs 1 through 120 above as though set forth herein.

94.   In response to Paragraphs 122 to 129, inclusive, of the Complaint, Defendants deny the allegations pleaded therein.

95.   In response to Paragraph 130 of the Complaint, Defendants incorporate by reference Defendants' responses to Paragraphs 1 through 129 above as though set forth herein.

96.   In response to Paragraphs 131 to 139, inclusive and including subparts, of the Complaint, Defendants deny the allegations pleaded therein.

97.   In response to Paragraph 140 of the Complaint, Defendants incorporate by reference Defendants' responses to Paragraphs 1 through 139 above as though set forth herein.

98.   In response to Paragraphs 141 to 148, inclusive, of the Complaint, Defendants deny the allegations pleaded therein.

99.   In response to Paragraph 149 of the Complaint, Defendants incorporate by reference Defendants' responses to Paragraphs 1 through 148 above as though set forth herein.

13

DEFENDANTS' ANSWER TO THE COMPLAINT AND DEMAND FOR JURY TRIAL

1    100.   In response to Paragraphs 150 to 157, inclusive, of the Complaint,

2    Defendants deny the allegations pleaded in said Paragraphs.

3    101.   In response to Paragraph 158 of the Complaint, Defendants incorporate by

4    reference Defendants' responses to Paragraphs 1 through 157 above as though set forth

5    herein.

6    102.   In response to Paragraphs 159 to 165, inclusive, of the Complaint,

7    Defendants deny the allegations pleaded in said Paragraphs.

8    103.   In response to Paragraph 166 of the Complaint, Defendants incorporate by

9    reference Defendants' responses to Paragraphs 1 through 165 above as though set forth

10   herein.

11   104.   In response to Paragraph 167 of the Complaint, Defendants deny the

12   allegations pleaded in said Paragraph.

13   105.   In response to Paragraph 168 of the Complaint, Defendants deny the

14   allegations pleaded in said Paragraph.

15   106.   In response to Paragraph 169 of the Complaint, Defendants deny that they

16   caused any damage to Plaintiffs.  Except as so denied, Defendants are without sufficient

17   knowledge or information to form a belief as to the truth of the allegations contained in

18   said Paragraph, and on that basis deny each and every allegation contained therein.

19   107.   In response to Paragraph 170 of the Complaint, Defendants deny the

20   allegations pleaded in said Paragraph.

21   108.   In response to Paragraph 171 of the Complaint, including the Prayer for

22   Relief that follows, Defendants deny the allegations pleaded therein.

23   109.   Except as expressly admitted herein, Defendants deny all of the

24   allegations of the Complaint.

25                           **AFFIRMATIVE DEFENSES**

26   110.   **First Affirmative Defense: Statute of Limitations.**  Plaintiffs' claims are

27   barred in whole or in part by the applicable statute of limitations.

28

14

111.   **Second Affirmative Defense: No Redressable Harm.**  Plaintiffs are not entitled to the relief requested in that Plaintiffs have failed to suffer any redressable harm.

112.   **Third Affirmative Defense: Waiver.**  As a result of Plaintiff's conduct, words and/or action, Plaintiffs have waived any and all of the alleged rights asserted in the Complaint and in each and every purported claim for relief therein.

113.   **Fourth Affirmative Defense: Performance Excused.**  Plaintiffs are not entitled to the relief requested in that any performance under the alleged agreements owed by Defendants or Verticent is excused by Plaintiffs' prior breaches of those agreements.

114.   **Fifth Affirmative Defense: Ratification.**  Plaintiffs are not entitled to the relief requested under the doctrine of ratification.

115.   **Sixth Affirmative Defense: Laches.**  Plaintiffs' claims for relief are barred in whole or in part by the doctrine of laches.

116.   **Seventh Affirmative Defense: Unclean Hands.**  Plaintiffs' claims for relief are barred in whole or in part by the doctrine of unclean hands.

117.   **Eighth Affirmative Defense: No Breach of Duty.**  Plaintiffs are not entitled to the relief requested in that Defendants did not breach any duty owed to Plaintiffs under the circumstances.  By asserting this affirmative defense, Defendants in no way admit, and expressly deny, owing any duty to Plaintiffs.

118.   **Ninth Affirmative Defense: No Proximate Cause.**  Plaintiffs are not entitled to the relief requested in that any damages suffered by Plaintiffs were not proximately caused by the actions of Defendants.

119.   **Tenth Affirmative Defense: Contributory Negligence.**  Plaintiffs were negligence and their negligence cause, in whole or in part, any damages which they claim to have suffered.  The comparative negligence of Plaintiffs contributed to any damages Plaintiffs may have suffered.

15

120.   **Eleventh Affirmative Defense: Plaintiffs Caused Their Damages.**
Plaintiffs are not entitled to the relief requested, in whole or in part, because Plaintiffs bear responsibility, in whole or in part, for any damages which they suffered because their own actions solely and exclusively caused, or contributed to, any damages which they may have sustained.

121.   **Twelfth Affirmative Defense: Set-Off.**  To the extent that Plaintiffs have suffered any damages, such damages should be set-off in an amount to be proven.

122.   **Thirteenth Affirmative Defense: Equitable Estoppel.**  Plaintiff's purported claims for relief are barred by the doctrine of equitable estoppel.

123.   **Fourteenth Affirmative Defense: No Actual Damages.**  Plaintiffs cannot demonstrate that they have actual damages, as is necessary to recover on a claim under FDUTPA.

124.   **Fifteenth Affirmative Defense: Third Party Conduct / Negligence.**
Plaintiffs are not entitled, in whole or in part, to the relief requested in that any damages or injuries sustained by Plaintiffs were caused in whole or in part by the unforeseen and undisclosed conduct and/or negligence of third parties for whom Defendants are not responsible.

125.   **Sixteenth Affirmative Defense: Failure to Mitigate.**  Plaintiffs' claims are barred in whole or in part by Plaintiff's failure to mitigate their damages.

126.   **Seventeenth Affirmative Defense: No Proximate Cause.**  Any alleged negligence on the part of Defendants, the existence of such negligence is expressly denied, was not the proximate cause, nor a contributing proximate cause of the alleged damages.  Therefore, Plaintiffs are barred from any recovery in this action, in whole or in part.

127.   **Eighteenth Affirmative Defense: Indispensable Party.**  Plaintiffs' claims are barred in whole or in part because Plaintiffs have failed to name an indispensable party to this action under Fed. R. Civ. Proc. 19, Verticent.

16

DEFENDANTS' ANSWER TO THE COMPLAINT AND DEMAND FOR JURY TRIAL

128.   **Nineteenth Affirmative Defense: Bankruptcy.** Defendants assert that Verticent is an indispensable party under Fed. R. Civ. Proc. 19. Verticent has filed for bankruptcy and Plaintiffs have filed a claim for the alleged debt in the bankruptcy. Since the bankruptcy is pending, Defendants ask that the court stay or suspend the action until the bankruptcy is over, or transfer the action to the bankruptcy court.

129.   **Twentieth Affirmative Defense: Unforeseeable and Unpreventable.** Plaintiffs are not entitled to the relief requested in that the incidents complained of were not foreseeable and, as such, preventable by Defendants. As such, Plaintiffs cannot recover damages from Defendants.

130.   **Twenty-First Affirmative Defense: Participation and Control.** Plaintiffs are not entitled to the relief requested in that Plaintiffs have failed to show that individual Defendants actively participated in or had some measure of control over the alleged deceptive or unfair practices, as required under the Florida Deceptive and Unfair Trade Practices Act.

131.   **Twenty-Second Affirmative Defense: Economic Loss Rule.** Plaintiffs are not entitled to the relief requested under the economic loss rule.

132.   **Twenty-Third Affirmative Defense: No Unlawful Intent.** Plaintiffs are not entitled to the relief requested in that at all times mentioned in the Complaint, Defendants acted lawfully and within their legal rights, with a good faith belief in the exercise of that right, and in the furtherance of a legitimate business purpose. Further, Defendants acted in good faith in the honest belief that the acts, conduct, and communications, if any, of Defendants were justified under the circumstances based on information reasonably available.

133.   **Twenty-Fourth Affirmative Defense: Failure to State a Cause of Action.** Plaintiffs' claims are barred in whole or in part for failing to state a cause of action

17

134. **Twenty-Fifth Affirmative Defense: Breach of Contract By Plaintiffs.** Plaintiffs' claims are barred in whole or in part because Plaintiffs breached the terms of the subject contract.

135. **Twenty-Sixth Affirmative Defense: Lack of Privity.** Defendants assert that there is no contractual relationship or agreement between Plaintiffs and Defendants and, therefore, Plaintiffs' claims are barred in whole or in part.

136. **Twenty-Seventh Affirmative Defense: Prevention of Performance.** Defendants assert that Plaintiffs prevented Verticent from performing under the alleged contract, thereby excusing performance.

137. **Twenty-Eighth Affirmative Defense: Unjust Enrichment.** Defendants assert that Plaintiffs are seeking to recover more than Plaintiffs are entitled to recover in this case, and aware of judgment sought by Plaintiffs would unjustly enrich Plaintiffs.

138. **Twenty-Ninth Affirmative Defense: Lack of Standing.** Defendants assert that one or more of the plaintiffs does not have standing to bring this case.

139. **Thirtieth Affirmative Defense: No Jurisdiction.** Defendants assert that Plaintiffs fail to state a RICO claim and, therefore, this Court lacks jurisdiction over the pendant state law claims once the RICO claim is dismissed.

140. **Thirty-First Affirmative Defense: No Injury In Fact.** Defendants assert that Plaintiffs' claims are barred in whole or in part because Plaintiffs have suffer no injury in fact.

141. **Thirty-Second Affirmative Defense: Good Faith.** Defendants assert that Plaintiffs' claims are barred in whole or in part because Defendants acted at all times in good faith.

142. **Thirty-Third Affirmative Defense: In Pari Delicto.** Defendants assert that Plaintiff's claims are barred in whole or in part based on the defense of *in pari delicto*.

18

DEFENDANTS' ANSWER TO THE COMPLAINT AND DEMAND FOR JURY TRIAL

143.   **Thirty-Forth Affirmative Defense: Intra-Corporate Conspiracy Doctrine.**  Plaintiffs' claims are barred in whole or in part by the intra-corporate conspiracy doctrine.

144.   **Thirty-Fifth Affirmative Defense:** *Forum Non Conveniens***.**  Defendants assert *forum non conveniens* and that venue is not appropriate in Florida.  This Court does not have personal jurisdiction over each and every defendant in this case.

145.   **Thirty-Sixth Affirmative Defense. No Jurisdiction**.  Defendants assert that this court has no jurisdiction over the RICO claim because the United States Bankruptcy Court obtained original jurisdiction.

146.   **Thirty Seventh Affirmative Defense. No Scheme or Artifice.**  Defendants assert that the acts claimed by Plaintiffs to support their RICO action do not constitute a scheme or artifice to defraud Plaintiffs.

147.   **Thirty-Eighth Affirmative Defense. No Predicate Act.**  Defendants assert the acts claimed by Plaintiffs to support their RICO action do not constitute use or causing to be used by Defendants the United States mail or interstate wire facilities to defraud Plaintiff.

148.   **Thirty-Ninth Affirmative Defense. No Furtherance of a Scheme or Artifice.**  Defendants assert the acts claimed by Plaintiffs to support their RICO action do not constitute use or causing to be used by Defendants the United States mail or interstate wire facilities to further any scheme or artifice to defraud Plaintiffs.

149.   **Fortieth Affirmative Defense.  No Failure to Disclose Material Facts.**  Defendants assert that at all times mentioned in the Complaint on file herein, Defendants either had no duty to disclose or did not fail to disclose any material facts.

150.   **Forty-First Affirmative Defense. No Reasonable Reliance.**  Defendants assert that at all times mentioned in the Complaint on file herein, Plaintiffs were aware of all the facts surrounding the work being performed by Defendants and there was no

19

DEFENDANTS' ANSWER TO THE COMPLAINT AND DEMAND FOR JURY TRIAL

1  actual, reasonable or justifiable reliance by Plaintiffs as to any alleged misrepresentations

2  by Defendants.

3     151. **Forty-Second Affirmative Defense. No Cause by Predicate Acts.**

4  Defendants assert that Plaintiffs were not damaged in any way by virtue of the predicate

5  acts alleged by Plaintiffs to support their RICO claim.

6     152. **Forty-Third Affirmative Defense. Predicate Acts Not Separately**

7  **Punishable.** Defendants assert that the predicate acts claimed by Plaintiffs to support

8  their RICO claim are insufficient to be separately punishable.

9     153. **Forty-Fourth Affirmative Defense. No Act Amounts to or Threatens**

10 **Long Term Criminal Conduct.** Defendants assert the acts claimed by Plaintiffs to

11 support their RICO action do not constitute a scheme or pattern that amounts to or

12 threatens long-term criminal conduct.

13    154. **Forty-Fifth Affirmative Defense. Unconstitutional as Applied.**

14 Defendants assert that the manner in which Plaintiffs assert their RICO claim is

15 unconstitutional on vagueness grounds.

16    155. **Forty-sixth Affirmative Defense. Unconstitutional Claim of Punitive**

17 **Damages**. Any award of punitive damages against Defendants would be unconstitutional

18 under the United States Constitution.

19    156. **Forty-seventh Affirmative Defense. No Act Amounts to or Threatens**

20 **Long Term Criminal Conduct.** Defendants assert the acts claimed by Plaintiffs to

21 support their RICO action do not constitute a scheme or pattern that amounts to or

22 threatens long-term criminal conduct.

23

24

25

26

27

28

DEFENDANTS' ANSWER TO THE COMPLAINT AND DEMAND FOR JURY TRIAL

**DEMAND FOR JURY TRIAL**

Defendants demand a jury trial.


WHEREFORE, Defendants prey for judgment against Plaintiffs on their

Complaint as follows:

1.    That Plaintiffs take nothing on their Complaint;

2.    That Defendants be awarded attorneys' fees and costs of suit incurred

herein; and

3.    For such other and further relief as the Court may deem just and proper.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 13, 2014 I electronically filed the

foregoing with the Clerk of the Court by using the CM/ECF system which will send a

notice of electronic filing to all counsel of record.


BY:   /s/ William C. Haggerty
            WILLIAM C. HAGGERTY
            California Bar No. 76652
            KATHERINE M. HARWOOD
            California Bar No. 225202
            NEAL S. TARDIFF
            California Bar No. 94350
            FORD, WALKER, HAGGERTY &
            BEHAR
            One World Trade Center, 27th Floor
            Long Beach, California 90831-2700
            Tel. (562) 983-2500
            Fax (562) 590-3597
            bill@fwhb.com
            kharwood@fwhb.com
            neil@tardifflaw.comL.

21

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LOUIS MRACHEK
Bar No. 182880
MRACHEK, FITZGERALD, ROSE,
KONOPKA, THOMAS & WEISS,
P.A.
505 S. Flagler Drive, Suite 600
West Palm Beach, Florida 33401
(561) 655-2250 telephone
(561) 655-5537 facsimile
Lmrachek@mrachek-law.com

JOHNSON, POPE, BOKOR,
RUPPEL & BURNS, LLP
Guy Burns
Florida Bar No. 0160901
guyb@jpfirm.com
Robert V. Potter Jr.
Florida Bar No. 0363006
bobp@jpfirm.com
Post Office Box 1368
Clearwater, Florida 33757
Telephone: (727) 461-1818
Fax: (727) 462-0365

Attorneys for Defendants,
ASA INTERNATIONAL, LTD.;
KHAMELOEN SOFTWARE, INC;
ASA AUTOMOTIVE SYSTEMS,
LLC; ASA PROPERTIES, INC.; 10
SPEEN STREET LLC; ALFRED C.
ANGELONE; CHRISTOPHER
CRANE; and TERRANCE
McCARTHY

22

DEFENDANTS' ANSWER TO THE COMPLAINT AND DEMAND FOR JURY TRIAL